UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINDA B., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )   2:20-cv-00132-GZS |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) |
| | ) |
|    Defendant | ) |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Plaintiff seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, following a successful appeal from the denial of her application for benefits under the Social Security Act. Plaintiff requests an award of $5,709.66. (Application, ECF No. 24; Application Ex. A, ECF No. 24-1.)

Defendant contends an award is not warranted because Defendant's position in the case was substantially justified. Alternatively, Defendant proposes a reduced award based on Defendant's assessment of the hourly rate as determined in this District for counsel under the EAJA. (Opposition, ECF No. 25.)

I recommend that the Court grant in part the application and award Plaintiff $5,437.06 in attorney fees.

### Background

Plaintiff sought to vacate the administrative law judge's (ALJ) decision based in part on the ALJ's failure to find Plaintiff's neurocognitive disorder to be a severe impairment at step 2 of the sequential analysis, that the ALJ's residual functional capacity

(RFC) assessment was not supported by the state agency consultants' opinions because the opinions were based on an incomplete record, and that the ALJ exceeded the bounds of his competence as a layperson when he interpreted raw medical evidence to conclude that Plaintiff's neurocognitive disorder did not warrant any functional limitations. Defendant maintained that the ALJ's decision, including the ALJ's decision at step 2 and the ALJ's RFC determination, was supported by substantial evidence on the record.

The Court vacated the decision and remanded the matter, concluding that the ALJ impermissibly relied on the state agency consultants' opinions that Plaintiff did not have a severe mental impairment because the consultants did not review the results of clinical neuropsychological tests and an evaluation by a psychologist, who diagnosed Plaintiff with a neurocognitive disorder. *Bowler v. Saul*, No. 2:20-cv-00132-GZS, 2021 WL 838887, at *4 (D. Me. Mar. 5, 2021), *rec. dec. aff'd*, Mar. 22, 2021. The Court further found that in making his RFC determination, the ALJ assessed the clinical test results without the benefit of a supporting expert opinion. The Court concluded that the assessment of cognitive limitations "cannot reasonably be characterized as within the ALJ's expertise." *Id*. at *5.

## DISCUSSION

The EAJA provides, in relevant part:

> [A] court shall award to the prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Under the EAJA, therefore, Plaintiff would be entitled to an

award of attorneys' fees provided she was the prevailing party, Defendant's position in the case was not substantially justified, and no special circumstances exist that would make an award of fees unjust.

Defendant does not challenge Plaintiff's status as a prevailing party, but contends Plaintiff is not entitled to an award of attorneys' fees because Defendant's position was substantially justified. Defendant's position would be "substantially justified" if it was "justified to a degree that could satisfy a reasonable person." *McLaughlin v. Hagel*, 767 F.3d 113, 117 (1st Cir. 2014) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). Defendant has the burden to establish the requisite showing. *Id.* To establish that a position was substantially justified,

> [t]he government need not show that its position was "justified to a high degree"; rather, it must show that its position was "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." The Supreme Court has said this is equivalent to the "reasonable basis both in law and fact" formulation we have used.

*Schock v. U.S.*, 254 F.3d 1, 5 (1st Cir. 2001) (citations omitted). "Both the government's pre-litigation and litigation positions are evaluated holistically" when assessing a substantial justification challenge to an EAJA application. *McLaughlin*, 767 F.3d at 117.

The Court determined the ALJ erred in his RFC determination based in part on the well-established rule that although an ALJ is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," an ALJ "is not qualified to assess [RFC] based on a bare medical record[,]" *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). The ALJ's step 2 determination and ultimately the ALJ's RFC determination, which did not account for any cognitive limitations, were

unsupported by an expert assessment of the clinical neuropsychological test results or the neurocognitive disorder diagnosis – assessments that are not within the competence of a lay person. Defendant's assertion that the ALJ's step 2 and RFC determinations were supported by substantial evidence, therefore, was not substantially justified.

Defendant also argues that the hourly rate Plaintiff seeks for attorney time ($219.81 per hour) is not based on the standard adopted in this district, the CPI-U (Consumer Price Index for all urban consumers). (Opposition at 7-8.)[1] Applying the CPI-U, Defendant contends the hourly rate for attorney time should be $209.12. (*Id*. at 8.) Plaintiff maintains that in a recent submission to this Court, Defendant argued for an hourly rate of $211.15 using the CPI-U. (Reply at 6, ECF Nos. 26 & 26-1.) Plaintiff does not object to the rate of $211.15. (Reply at 6.)

The rate used by Defendant in the case cited by Plaintiff was evidently based on the CPI-U for February 2021 because most of counsel's work was performed during that month. (Exhibit A at 3 n.1, ECF No. 26-1.) In this case, Defendant based the proposed rate on the CPI-U for December 2020. Given that most of counsel's work on the case was performed before the end of December 2020 (Itemization, ECF No. 24-1), Defendant's position is reasonable. Accordingly, Plaintiff is entitled to recover $5,332.56 for attorney time ($209.12 x 25.5 hours) and $104.50 for paralegal time ($95.00 x 1.1 hours) for a total of $5,437.06 in attorney fees.

---

[1] Defendant cites to *Quint v. Barnhart*, No. 05-135-B-W, 2006 WL 1495004, at *1-3 (D. Me. May 25, 2006) and its progeny in support of Defendant's argument.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant in part Plaintiff's application and award Plaintiff the sum of $5,437.06 for attorney fees.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of August, 2021.